# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:11CR00026-005 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CHRIS BERRY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for the United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Chris Berry has moved under 28 U.S.C. § 2255 to vacate the sentence imposed on him by this court in 2012 under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He relies on the Supreme Court's holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015), which strikes down the residual clause definition of a violent felony contained in the ACCA and was made retroactive by the Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). The government opposes the motion on the ground that Berry did not contest at his sentencing that he had the necessary three ACCA predicate convictions for serious drug offenses, which predicates are untouched by *Johnson*. The government asserts that Berry's claim, made now for the first time, that two of the drug

offenses occurred on the same occasion and thus are not proper predicates is defaulted, untimely, and unavailing on the merits.

For the following reasons, I find that the defendant cannot show that his sentence should be vacated, and his motion must be denied.

I.

On July 25, 2011, defendant Berry was indicted in this court on charges arising out of a crack cocaine trafficking and stolen firearms conspiracy. On November 29, 2011, he pleaded guilty to two of those charges: being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), and possessing stolen firearms, in violation of 18 U.S.C. § 922(j).[1] Prior to his guilty plea, the government indicated that it would seek to have his sentence enhanced pursuant to the ACCA.

At the defendant's change of plea hearing, I inquired as to whether the defendant contested his categorization as an armed career criminal and whether he disputed that his three prior drug offenses occurred on separate occasions, as necessary under the ACCA. Specifically, the colloquy was as follows:

> THE COURT: Mr. Chafin [defense attorney], let me ask you this about the defendant's status — possible status as

---

[1] As a result of his guilty plea, two other charges against him were dismissed, including Count Two, a drug trafficking conspiracy charge under 21 U.S.C. § 846 and § 841(b)(1)(A), which carried a statutory mandatory minimum sentence of ten years.

> an armed career criminal: Have you made any determination in that regard?
>
> MR. CHAFIN: Judge, it is believed that he will be determined to be an armed career criminal.
>
> THE COURT: All right.
>
> MR. CHAFIN: It is believed that he will. We did not stipulate to those facts, but we do believe that based upon — he appeared in the Washington County Circuit Court and entered a plea of guilty to three charges, on the same day, of distribution.
>
> THE COURT: I see. That occurred on different occasions?
>
> MR. CHAFIN: That occurred on different — different —
>
> THE COURT: The crimes occurred on different occasions?
>
> MR. CHAFIN: The crimes occurred on different occasions.

(Change of Plea Hr'g Tr. 13, ECF No. 506.) The Presentence Investigation Report ("PSR"), prepared prior to Berry's sentencing, described Berry's five prior state felony convictions for the following offenses: (1) drug distribution for selling a 40-milligram oxycodone pill to a confidential informant on May 4, 2005 (PSR ¶ 41, ECF No. 289); (2) drug distribution for selling 2.1 grams of cocaine to a confidential informant on May 4, 2005 (*id.* at ¶ 42); (3 & 4) two counts of grand larceny for stealing a Honda ATV on May 10, 2005 and a pressure washer on May

22, 2005 (*id.* at ¶ 43); and (5) drug possession with intent to distribute for selling .9 grams of cocaine to a confidential informant on April 20, 2005 (*id.* at ¶ 45).

Berry filed no objections to the PSR. At his sentencing on August 8, 2012, the government moved to reduce his sentence below the ACCA fifteen-year statutory minimum imprisonment on the basis of his substantial assistance in the prosecution of others. The motion was granted, and the defendant was sentenced to two concurrent terms of imprisonment of sixty months each. His sentence mandated that following imprisonment, he would be placed on supervised release for a total of five years.[2] Judgment was entered on August 9, 2012, and the defendant did not appeal.

On October 27, 2015, a motion under § 2255 was filed on Berry's behalf by the Federal Public Defender of this district. In response, the United States filed a Motion to Dismiss. The court reserved ruling on the Motion to Dismiss, requesting that the parties file further written argument. (Op. & Order, Dec. 16, 2015, ECF No. 500.) The issues have now been fully briefed and are ripe for decision.[3]

---

[2] The defendant finished serving his sixty-month federal prison sentence in early 2016 and is now serving consecutive state sentences for drug offenses and probation violations, which state sentences were imposed after his federal sentencing. He thus has not begun to serve his federal term of supervised release. Berry contends that if he obtains a federal resentencing without armed career criminal status, the maximum term of supervised release allowable would be three years, rather than the five years imposed.

[3] In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no

-4-

Case 1:11-cr-00026-JPJ   Document 529   Filed 10/20/16   Page 4 of 11   Pageid#: 2844

## II.

The ACCA provides for an enhanced sentence if a defendant convicted of a firearm offense "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined in the ACCA as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The second portion of the second clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*.

In opposition, the government contends that the applicable statute of limitation bars Berry's motion. Section 2255 provides that a one-year limitation period is triggered by one of four conditions, whichever occurs the latest:

---

relief." 28 U.S.C. § 2255(b). Neither party has requested a hearing. I have thoroughly reviewed the motions, files, and records in this case and find that no hearing is necessary.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The government argues that the accrual period contained in clause (3) above cannot apply to this case because Berry had other valid predicate convictions supporting the ACCA determination, namely, his three convictions for serious drug offenses, unrelated to any right determined in *Johnson*. Although Berry seeks to attack those predicates on the ground that two of them occurred on the same occasion, the government contends that the limitations period ran as to such a claim one year from the date his judgment of conviction became final and thus his present motion is untimely.

The government also asserts that Berry has procedurally defaulted his claim that he did not in fact have three prior drug offenses that occurred on different

occasions since he did not challenge the armed career criminal determination at sentencing or on direct appeal. Finally, the government argues that even on the merits, he has not shown that two of the drug offenses of which he was convicted occurred on the same occasion, although it is clear that they occurred on the same day.

III.

A. Statute of Limitations.

There is no doubt that Berry's § 2255 motion was filed beyond one year from the date his convictions became final. To escape the resulting bar of the statute of limitations, Berry argues that since it is theoretically possible for the court to have construed his prior Virginia larceny convictions as violent felonies under the now-invalid residual clause of the ACCA, his motion is timely since it was filed within one year of *Johnson*. I reject Berry's argument.

In the first place, I find that Berry has not shown that it would have been possible to have considered Berry's two larceny convictions under the residual clause. The case cited by Berry in support of his argument, *United States v. Jarmon*, 596 F.3d 228 (4th Cir. 2010), involved the North Carolina crime of larceny from the person. The Fourth Circuit held in that case that the "otherwise" clause in the definition of "crime of violence" applicable to career offenders under the Sentencing Guidelines, a definition similar to the residual clause of the ACCA,

applied to <u>larceny from the person</u> because that crime involved the same degree of risk as the enumerated crime of burglary: "purposeful, violent, and aggressive conduct." *Id.* at 231 (quoting *United States v. Roseboro*, 551 F.3d 226, 234 (4th Cir. 2009)). The Fourth Circuit has similarly held that the Virginia crime of larceny from the person is a predicate career offender crime of violence under the "otherwise clause." *United States v. Smith*, 359 F.3d 662, 665 (4th Cir. 2004) (noting that under Virginia law, larceny from the person is defined as theft "from the victim's physical possession or from his immediate custody and control" (internal quotation marks and citation omitted)).

There is no evidence in the record that Berry was convicted of larceny from the person. The description of the actual offense conduct for these crimes in the PSR indicates to the contrary. More conclusively, the state court records, submitted by the defendant as an exhibit to his § 2255 motion (Mot. Ex. 1, ECF No. 487-1), show that the larceny convictions were punished under Virginia Code § 18.2-95(ii), which describes the crime as "simple larceny <u>not</u> from the person of another of goods and chattels of the value of $200 or more" (emphasis added). Simple larceny "<u>not</u> from the person" could not have been determined to be a crime of violence at Berry's sentencing, because the Fourth Circuit cases do not support such a conclusion.

-8-

Case 1:11-cr-00026-JPJ   Document 529   Filed 10/20/16   Page 8 of 11   Pageid#: 2848

Moreover, the record indicates that Berry's armed career criminal status was in fact based on his three prior serious drug offenses, as shown by the change of plea colloquy described above.[4]

I accordingly find that the only possible claim asserted by Berry necessarily involves his drug offense predicates, and such a claim is barred by the statute of limitations, since it was not brought within one year after the convictions for those crimes became final.

### B. Default of Claim.

I also agree with the government that Berry's attack on his drug offense predicates has been defaulted by his failure to raise it prior to his collateral attack. The claim that two of the drug offenses occurred on the same occasion could have been raised at sentencing. In fact, counsel conceded that the drug offenses occurred on separate occasions. Berry does not assert any basis for excusing this default, and as such, it bars his present claim. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).

---

[4] Berry points out that the PSR recited that "the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions." (PSR ¶ 34, ECF No. 289.) He contends that this boiler-plate language, taken from the statute, indicates that the larceny convictions were considered as violent felonies. I find this argument unpersuasive.

## C. Merits of Claim.

Finally, Berry has not shown that two of the ACCA drug offense predicates are ineligible because they occurred on the same occasion. He arrives at this conclusion only because they occurred on the same day and "<u>presumably</u> the distributions were to the same controlled buyer consistent with usual police tactics" (emphasis added). (Second Resp. in Opp'n to Mot. to Dismiss 6, ECF No. 514.) While the government may have had the burden of proof to show eligible predicates at sentencing, the burden of proof in a § 2255 proceeding is on the defendant. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *Stroupe v. United States*, 664 F. Supp. 2d 598, 602 (D.S.C. 2009). Under the ACCA, predicate offenses may occur on the same day, as long as they each arose "out of a separate and distinct criminal episode." *United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998) (quoting *United States v. Letterlough*, 63 F.3d 332, 335 (4th Cir. 1995)). There is no evidence to the contrary in this case.[5]

---

[5] In *United States v. Tucker*, 603 F.3d 260, 266-67 (4th Cir. 2010), on appeal from denial of a § 2255 motion, the court examined whether counsel had been constitutionally ineffective in failing to object to the use of a misdemeanor assault and battery conviction as a predicate offense under the ACCA. The district court had denied the § 2255 motion, holding that even assuming counsel had been ineffective in failing to object, there were still three predicate burglaries supporting the ACCA determination. However, the Fourth Circuit held that the government had failed to establish that two of the burglaries had occurred on separate occasions and thus could not rely on lack of prejudice. Unlike the present case, however, Tucker was not contending in his § 2255 motion that the sentencing court had erred in determining that the burglaries had occurred on separate occasions and the Fourth Circuit did not consider the burden of proof in such a case.

VI.

For the foregoing reasons, the United States' Motion to Dismiss in Response to Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255 (ECF No. 490) is GRANTED, and the defendant's Emergency Motion to Vacate Sentence and for Other Relief Under 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 487) is DENIED.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claim presented in light of the applicable standard, I find that a certificate of appealability is not warranted and therefore is DENIED.

It is so **ORDERED**.

ENTER: October 20, 2016

/s/ James P. Jones
United States District Judge

-11-

Case 1:11-cr-00026-JPJ    Document 529    Filed 10/20/16    Page 11 of 11    Pageid#: 2851